UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GORDON LAMAR NELSON, | ) | 1:12-cv–01311-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER TRANSFERRING CASE TO THE |
| | ) | UNITED STATES DISTRICT COURT FOR |
| | ) | THE CENTRAL DISTRICT OF |
| v. | ) | CALIFORNIA (DOC. 1) |
| | ) | |
| P. D. BRAZELTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on August 9, 2012.

In the petition, Petitioner complains of trial court errors occurring in the proceedings that resulted in his conviction of criminal offenses in the Superior Court of the State of California, County of Los Angeles. (Pet., doc. 1, at 3-5, 11.)

Title 28 U.S.C. § 2241(d) provides as follows which respect to venue, jurisdiction and transfer in a habeas proceeding pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction. Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968). Petitions challenging execution of sentence are preferably heard in the district where the inmate is confined. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). A court should consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

Title 28 U.S.C. § 1406(a) provides that a district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought. In view of the nature of the claims set forth in the petition, it is in the interest of justice to transfer the petition to the district of conviction.

Accordingly, it is ORDERED that the petition be transferred to the United States District Court for the Central District of

1  California.

4  IT IS SO ORDERED.

5  **Dated:   August 27, 2012**              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

3